**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RE:
**BRUCE LEE JENNINGS, et al**                     Case No. 03-4926-3F1 and
　　　　　　　　　　Debtors.　　/              03-4928-3F1 through 03-4937-3F1
**APPLICABLE DEBTORS**
　　**BRYCO ARMS,**                                All cases Jointly Administered
　　(Case No. 03-04928-3F1)                       Under Case No. 03-4926-3F1
_____/

**BRYCO ARMS, Debtor-in-Possession**
　　　　　　　　　　Plaintiff
vs.                                              Adversary No.

**INTERNATIONAL DIE CASTING, INC.**
　　　　　　　　Defendant
_____/

**COMPLAINT TO AVOID PREFERENTIAL TRANSFER PURSUANT
TO 11 U.S.C. § 547, AND TO RECOVER
TRANSFERRED PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 550**

　　Plaintiff, Bryco Arms, Debtor-in-Possession (hereinafter "Debtor" or "Plaintiff"), sues through its undersigned counsel, International Die Casting, Inc. (hereinafter "IDC" or "Defendant") and alleges as follows:

　　1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and pursuant to 11 U.S.C. §§ 547 and 550.

　　2. This is a core proceeding.

　　3. The Debtor filed a Chapter 11 case on May 14, 2003.

　　4. Plaintiff has been appointed Debtor-in-Possession by Order of the Court.

　　5. IDC was issued the following checks by Debtor:

```
02/21/2003    Check # 11421    $ 24,612.26
03/03/2003    Check # 11485    $  8,734.96
03/07/2003    Check # 11556    $  4,751.38
03/13/2003    Check # 11639    $  4,956.63
03/20/2003    Check # 11704    $  7,394.92
04/04/2003    Check # 11817    $ 20,331.36
```

      04/11/2003    Check # 11894    $  9,354.46
      04/18/2003    Check # 11955    $  8,928.39
      04/25/2003    Check # 12022    $  4,154.18
      05/05/2003    Check # 12094    $  8,004.40
      05/13/2003    Cashier's check    $ 51,897.16

and/or other payments made within 90 days prior to May 14, 2003.

    6.   The payments were made based on invoices received from IDC.

    7.   The transfers referred to above were made within ninety (90) days of the filing of the bankruptcy petition on account of an antecedent debt owed to IDC by debtor made to or for the benefit of a creditor while the debtor was insolvent.

    8.   As a result of the preferential transfer, IDC received more then it would have received in a Chapter 7 case.

    9.   The transfers described above are preferential payments pursuant to 11 U.S.C. § 547.

    10.  The preferential transfers are subject to avoidance and recovery by the Plaintiff pursuant to 11 U.S.C. §§ 547 and 550.

    WHEREFORE, Plaintiff respectfully requests the Court enter an Order determining the preferential transfers were received by IDC and that the property transferred constitutes property of the Debtor's estate.  Further, the Plaintiff requests that the Court enter an Order directing the Defendant, IDC, to provide the estate the property or the equivalent value of the transferred property and grant the Plaintiff such other relief that the Court deems just and proper.

                                                                  **ROBERT ALTMAN, P.A.**

                                                                  **/S/ Robert Altman**
                                                                  **Robert Altman, Esq.**
                                                                  **Attorney for Plaintiff**
                                                                  **Florida Bar No. 346861**
                                                                  **Pine Lake Lodge**
                                                                  **5256 Silver Lake Drive**
                                                                  **Palatka, Florida 32177**

**(386) 325-4691**
**(386) 325-9765 (fax)**